OPINION
{¶ 1} Defendant-appellant Nino Lucente appeals from the judgment of the Mahoning County Common Pleas Court denying his motion to withdraw his guilty plea. The issue presented in this appeal is whether the advisement in R.C. 2843.031 was given to appellant prior to him entering a guilty plea. For the reasons stated below, the judgment of the trial court is reversed, the plea is vacated and the case is remanded for further proceedings.
 STATEMENT OF CASE AND FACTS {¶ 2} On June 20, 2002, appellant and his brother Salvatore Lucente, noncitizens, were secretly indicted by the Mahoning County Grand Jury on seven counts of trafficking in drugs, which constituted various violations of R.C. 2925.03. Appellant was named in four of the seven counts; Salvatore Lucente was named in the three remaining counts.
 {¶ 3} Appellant's plea hearing was held on January 28, 2003. At that hearing, the trial court informed appellant of the rights he was waiving by entering a plea. (01/28/03 Tr. 1-9). The trial court then addressed appellant's lack of United States citizenship.[1] (01/28/03 Tr. 10). Appellant proceeded to enter a guilty plea to three of the four counts. The remaining count was dismissed.
 {¶ 4} Appellant's sentencing hearing was held on April 10, 2003. Once again, the trial court addressed appellant's lack of citizenship. (04/10/03 Tr. 6). After discussing the effects of appellant's lack of citizenship, the court asked if appellant still wished to proceed to sentencing. (04/10/03 Tr. 7). Appellant responded in the affirmative. (04/10/03 Tr. 7). The trial court then sentenced appellant to a one-year sentence on each count to be served concurrently.
 {¶ 5} The three counts against Salvatore Lucente were dismissed on April 10, 2003. The judgment entry dismissing the case states the following:
 {¶ 6} "Pursuant to the Rule 11 agreement the State of Ohio moves to dismiss the indictment filed on June 20, 2002. This agreement was made in concurrence with State of Ohio v. Nino Lucente. Case No. 02 CR 640.
 {¶ 7} "For good cause, motion sustained." (04/10/03 J.E.).
 {¶ 8} On September 12, 2003, appellant filed a motion to withdraw the guilty plea based upon R.C. 2943.031 and Crim.R. 32.1. The state responded to the motion. The trial court overruled appellant's motion without a hearing. Appellant timely appealed this decision raising one assignment of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 9} "The trial court errored [sic] to the detriment of defendant-appellant by denying his motion to vacate his guilty plea without a hearing when the court failed to advise the defendant-appellant pursuant to O.R.C. 2943.031."
 {¶ 10} Prior to addressing whether the trial court adequately advised appellant of R.C. 2943.031, we must first address the state's argument that appellant's arguments concerning the adequacy of the advisement under R.C. 2943.031 "may be barred by res judicata." If appellant's arguments are barred by res judicata, then whether or not the advisement complied with R.C. 2943.031 would be a moot issue. The state's contention is that appellant could have raised the failure to comply with R.C.2943.031 in a direct appeal, and thus res judicata applies.
 {¶ 11} The Tenth Appellate District has held that a motion to withdraw a plea for failure to comply with R.C. 2943.031 is not barred by the failure to appeal the defect in a plea process. State v. Yuen, 10th Dist. No. 01AP-1410, 2002-Ohio-5083, at ¶ 31. In so holding, the Tenth District relied on the Ohio Supreme Court case of State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993 and the similarities between a motion to withdraw under Crim.R. 32.1 and a motion to withdraw under R.C.2943.031. Yuen, 2002-Ohio-5083.
 {¶ 12} In Bush, the Ohio Supreme Court was asked to determine whether a motion to withdraw a guilty plea filed after the time for appeal had expired must be considered a motion for post-conviction relief under R.C. 2953.21. Bush, 96 Ohio St.3d 235. The Supreme Court held that a Crim.R. 32.1 motion was not a petition for post-conviction relief, but was rather a distinct avenue for relief. Id. at ¶ 11. It explained that post-conviction relief is a collateral attack on the validity of a conviction or sentence. Id. at ¶ 13. However, a Crim.R. 32.1 motion to withdraw is not a collateral attack since it is filed in the underlying criminal case and targets the withdrawal of a plea. Id.
 {¶ 13} Applying the Supreme Court's reasoning, the Yuen court explained that a R.C. 2943.031 motion to withdraw is similar to a Crim.R. 32.1 motion to withdraw, in that "it is commenced with the filing of a motion in the underlying case, it is directed to the plea, and the statute giving rise to the motion does not specify any time limits."Yuen, 2002-Ohio-5083, at ¶ 29. Furthermore, the Yuen court explained that in Bush, the motion to withdraw the plea was filed outside the time limits for a direct appeal, and in that case the Supreme Court did not suggest that Bush's remedy under Crim.R. 32.1 was barred by his failure to appeal from his guilty plea. Id. at ¶ 30. Thus, given all of the above, the Yuen court concluded, a defendant may appeal "the trial court's failure to comply with R.C. 2943.031, or * * * may appeal the trial court's refusal to grant his R.C. 2943.031(E) motion to withdraw." Id. at ¶ 31.
 {¶ 14} We find the Tenth District's reasoning logical. Accordingly, res judicata does not bar appellant's appeal; the state's argument fails.
 {¶ 15} Thus, our analysis now turns to the merits of the appeal; whether appellant's guilty plea was entered into knowingly, intelligently, and voluntarily. In other words, whether the trial court's R.C. 2943.031 advisement was adequate.
 {¶ 16} Before a guilty or no contest plea is accepted by the trial court, the trial court must address the defendant personally, and, in accordance with Crim.R. 11(C) for a felony or in accordance with Crim.R. 11(D) for a misdemeanor, inform the defendant of the rights he is waiving by entering a plea. When the trial court is informed by the defendant that he is not a United States citizen, the trial court, in addition to the requirements in Crim.R. 11, must also inform the defendant, in accordance with R.C. 2943.031, that the plea may have consequences on his ability to stay in the United States. R.C. 2943.031(A), (B)(1) and (B)(2).
 {¶ 17} R.C. 2943.031 states, in pertinent part:
 {¶ 18} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 19} "`If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 {¶ 20} "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
 {¶ 21} "(B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:
 {¶ 22} "(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative;
 {¶ 23} "(2) The defendant states orally on the record that he is a citizen of the United States.
 {¶ 24} "(C) Except as provided in division (B) of this section, the defendant shall not be required at the time of entering a plea to disclose to the court his legal status in the United States.
 {¶ 25} "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 26} The clear and unambiguous language of subsection (D) of the statute requires the trial court to set aside a conviction and allow the defendant to withdraw his guilty plea if the following four requirements are met: "(1) the court failed to provide the advisement described in the statute, (2) the advisement was required to be given, (3) the defendant is not a citizen of the United States, and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws." State v. Weber, (1997) 125 Ohio App.3d 120, 126. Furthermore, the Ohio Supreme Court has held that timeliness of the motion to withdraw the plea is also a consideration in determining whether a defendant may withdraw a plea after sentencing under R.C.2943.031. State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶37-43.
 {¶ 27} In the instant case, it is clear that the advisement was required to be given. The trial court, prior to accepting the plea, asked appellant if he was a United States citizen. Appellant responded that he was not. Additionally, in a signed plea agreement that was filed with the trial court, appellant indicated that he was not a United States citizen. Furthermore, it is undisputed that a guilty plea on the offense, trafficking in drugs, may result in deportation. Thus, the issue to be decided by this court is whether the advisement was given in accordance with R.C. 2943.031.
 {¶ 28} Appellant contends that the trial court did not strictly, or in the alternative, substantially comply with R.C. 2943.031 and, thus, the trial court was required to grant his motion to withdraw the guilty plea. Recently, the Ohio Supreme Court has addressed the issue of whether R.C. 2943.031 requires strict compliance or substantial compliance.Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 44-48 (addressing the split between the districts as to the standard to be used; State v.Abi-Aazar, 154 Ohio App.3d 278, 2003-Ohio-4780, at ¶ 9 (9th Dist. requiring substantial compliance); State v. Yanez, 150 Ohio App.3d 510,2002-Ohio-7076, at ¶ 32 (1st Dist. requiring substantial compliance);State v. Marafa, 5th Dist. Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257 (requiring substantial compliance); Yuen, 2002-Ohio-5083 (requiring substantial compliance); State v. Quran, 8th Dist. No. 80701, 2002-Ohio-4917 (requiring strict compliance).). The Francis Court, in holding that substantial compliance is the correct standard to be used, stated the following:
 {¶ 29} "We hold that if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A). `Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.' State v. Nero
[(1989)], 56 Ohio St.3d [106,] 108; see, also, [State v.] Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 12."
 {¶ 30} Accordingly, the determination is whether the trial court substantially complied with R.C. 2943.031. Prior to accepting the plea, the trial court and appellant had the following colloquy concerning the effect of his guilty plea on his immigration status:
 {¶ 31} "THE COURT: I understand there's an issue as to your citizenship, and it has been represented that — at least the inquiry made by the Prosecutor, he does not believe there's any risk of deportation as a result of this plea to a felony. I have indicated my willingness to permit your counsel to expend a certain amount of money — for the record, up to $500 — to get any opinion from an attorney who specializes in that type of work as to whether or not that is a possibility in this case. And if that is a possibility in this case, if you came back here and asked me to withdraw your plea of guilty and proceed to trial with the rights that we've just gone over, I would permit you to withdraw that plea. Any questions in that regard?
 {¶ 32} "THE DEFENDANT: No, sir.
 {¶ 33} "THE COURT: Did I adequately cover that?
 {¶ 34} "MR. LIMBIAN [defense counsel]: I think so, Your Honor." (01/28/03 Tr. 10).[2]
 {¶ 35} The statute specifies that a defendant must be advised that a conviction could result in deportation, exclusion from admission, or denial of naturalization. The purpose of the deportation advisement is to not only inform a defendant that deportation is a possible consequence of the guilty plea, but also to ensure that a defendant is willing to accept that possible consequence.
 {¶ 36} In the above colloquy, the trial court advised appellant that deportation could be a possible consequence of the guilty plea. However, after making that statement, it then added that it would allow him to withdraw his guilty plea if deportation was a possibility. This statement did not ensure that appellant was willing to accept that possible consequence of deportation. Rather, it negated the possible consequence of deportation by assuring appellant that he could withdraw his guilty plea if that consequence came to fruition.
 {¶ 37} As such, we cannot conclude that appellant subjectively understood the consequences of his plea. The reliance a defendant may place on the above type of statement leads us to the conclusion that the plea might not have otherwise been made had the trial court not made the statement. Consequently, the trial court's discussion with appellant did not substantially comply with R.C. 2943.031.
 {¶ 38} The state contends that even if the above colloquy does not substantially comply with R.C. 2943.031, the record contains a written advisement signed by appellant that contains the exact language in R.C.2943.031 and at the sentencing hearing the trial court gave an R.C.2943.031 advisement that was in substantial compliance. Both of these arguments fail.
 {¶ 39} Despite the state's insistence, the written advisement alone is not sufficient to constitute substantial compliance. In Yanez, the First District explained that a written statement does not satisfy the requirement to personally address the defendant. Yanez, 2002-Ohio-7076, at ¶ 38. The Yanez court analogized this right with Crim.R. 11(C) and the court's obligation under that rule to personally address a defendant and to inform him of the rights specified in that rule. Id. The court reasoned that since written statements do not satisfy Crim.R. 11(C) they will not satisfy R.C. 2943.031(A). We find the Yanez court's reasoning persuasive. Thus, we hold that a written advisement alone cannot constitute substantial compliance with R.C. 2943.031.
 {¶ 40} Akin to the above argument, the state contends that the trial court's statements during sentencing can constitute substantial compliance with R.C. 2943.031, also fails. During the sentencing hearing, the following colloquy occurred:
 {¶ 41} "THE COURT: Certainly you were advised at the time of your plea the possibility of deportation —
 {¶ 42} "THE DEFENDANT: Yes.
 {¶ 43} "THE COURT: — when pleading guilty to a felony. Attorney Limbian has recited for the record in your presence the opinion of an attorney as relates to this plea. Now, the alternative, of course, and I believe this was stated on the record, is that if you would be deported, the Court would permit you to withdraw your plea of guilty. If your plea of guilty was withdrawn, this case, in all likelihood, would proceed to trial and then a jury would have an opportunity to — or the prosecutor would have the obligation to prove the case with all the rights that we talked about at the time your plea was entered. I don't know what INS will do: nobody in this room does. You know the possibility exists, perhaps the probability, based upon the letter at least, that you will be deported. Knowing all of that, do you still wish to proceed to sentence this morning?
 {¶ 44} "THE DEFENDANT: Yes." (04/10/03 Tr. 6-7).
 {¶ 45} The specific language of R.C. 2943.031(A) requires the court to inform a defendant of his immigration consequences warning prior to
accepting a guilty or no contest plea. The sentencing hearing occurred roughly three months after the plea was accepted. Thus, any warnings that occurred at the sentencing hearing did not occur prior to accepting the guilty plea. Consequently, those warnings cannot be considered when determining whether there was substantial compliance with R.C. 2943.031(A). As such, this argument also fails.
 {¶ 46} Next, the state then argues the timeliness factor, i.e. that vacating the plea would amount to injustice when considering the amount of time that had passed (5 months after imposition of the sentence) and the plea agreement that had occurred in appellant's brother's (Salvatore Lucente) case.
 {¶ 47} As aforementioned, timeliness is a factor for consideration when determining whether to allow a defendant to withdraw a guilty plea after sentencing. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶37-43. See, also, State v. Tabbaa, 151 Ohio App.3d 353, 2003-Ohio-299, at ¶ 28. However, in the instant matter, the motion to withdraw based upon R.C. 2943.031 was not so untimely that it warranted denial of the motion to withdraw. Appellant was sentenced in April 2003. The U.S. Department of Justice initiated deportation in May 2003. The motion to vacate was filed in September 2003. This four/five month delay is not an extraordinary amount of time. It is not comparable to the 11½ year delay between accepting the plea and motion to withdraw the plea that occurred in Tabbaa and it is also not comparable to the ten year delay that occurred in Francis. Thus, untimeliness, in this matter, is not sufficient to justify denial of the motion to withdraw.
 {¶ 48} Likewise, while we do recognize that Salvatore Lucente's (appellant's brother) and appellant's plea agreements were based upon the dismissal of the charges against Salvatore Lucente (04/10/03 J.E. Case No. 02CR640A — Salvatore's case), this argument must also fail. The plea agreement did not negate the duty of the trial court to substantially comply with R.C. 2943.031. Moreover, failure to comply with the statute requires the plea to be withdrawn.
 {¶ 49} That said, we acknowledge that requiring the trial court to withdraw appellant's guilty plea thwarts the agreement that the state had with both Salvatore and appellant. Accordingly, since the plea agreement between the state and appellant is no longer valid, then dismissal of the charges against Salvatore are subject to reindictment (provided that the statute of limitations has not run).
 {¶ 50} Thus, when considering all of the above, we hold that the trial court did not substantially comply with R.C. 2943.031(A) and the timeliness (or lack thereof) did not warrant denial of the motion to withdraw. In holding so, we recognize that the Ohio Supreme Court inFrancis, remanded the case for the trial court to hold a hearing and determine whether the R.C. 2943.031 advisement was substantially complied with and to determine whether the timeliness (or lack thereof) of the motion to withdraw warranted denial of the motion. Francis,104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 56-57.
 {¶ 51} In Francis, the trial court did not hold a hearing on the motion to withdraw and did not give an explanatory opinion as to why it was denying the motion to withdraw. Factually this is similar to the case at hand. However, there are some distinguishing factors. First, as already stated above, the time between the acceptance of the plea and the motion to withdraw in Francis was ten years. In the matter at hand it was four/five months. Next, in Francis, unlike in the instant matter, there was no statement by the trial court that it would allow the defendant to withdraw the plea if deportation was a possibility. Furthermore, inFrancis, the Court specifically stated that it was "not establishing a rule that requires a hearing and a written opinion in every case." Id., at ¶ 56.
 {¶ 52} Thus, given the differences between this case and Francis, it would be fruitless to remand the case to the trial court for a determination of whether it substantially complied with R.C. 2943.031 and whether the timeliness of the motion warranted denial of the motion. Our own independent review of a complete record reveals that R.C. 2943.031
was not substantially complied with and the timeliness of the motion to withdraw did not warrant denial of the motion. However, in making this holding, we must emphasize that this case does not set forth any general standard as to the withdrawal of a guilty plea. Rather, it sets a specific standard for criminal defendants who are not United States citizens.
 {¶ 53} For the foregoing reasons, the judgment of the trial court is hereby reversed, the plea is vacated and the case is remanded for further proceedings according to law and consistent with this Court's Opinion.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] At the time of the PSI, appellant was 47 years old and he had been in the country for the past 36 years.
[2] After the plea was entered, appellant did consult with an immigration attorney. The immigration attorney informed appellant that there was a possibility, and perhaps even a likelihood of deportation. This information was brought out at the sentencing hearing.