{¶ 45} I concur with the judgment of my colleagues. However, I write separately to address two specific troubling aspects of appellee's argument that were in its brief and at oral argument.
 {¶ 46} First, appellee's brief states:
 {¶ 47} "On the record the Appellant indicated that he was a citizen * * *."
 {¶ 48} Appellee then inserts a footnote after the word citizen which states:
 {¶ 49} "Transcript of Plea on October 30, 2002, page 7 Line 4:
 {¶ 50} "THE COURT: Are you a citizen of the United States?
 {¶ 51} "THE DEFENDANT: Yes."
 {¶ 52} What appellee fails to cite this court to is the remainder of the conversation which clearly and emphatically indicates that the trial court was aware that appellee was not a United States citizen prior to acceptance of the plea. The entire conversation concerning appellant's United States citizenship status is as follows:
 {¶ 53} "THE COURT: Are you a citizen of the United States?
 {¶ 54} "THE DEFENDANT: Yes.
 {¶ 55} "MR. HANNI [counsel for appellant]: You are not a citizen. You have a green card.
 {¶ 56} "THE DEFENDANT: I said that I have a green card.
 {¶ 57} "MR. HANNI: He's not a citizen, Your Honor. Forgive me but my legs are killing me. He's here on a green card which is a work permit from Jamaica." (Tr. 7).
 {¶ 58} Appellee's action of selectively quoting the transcript is troubling to me. It is an attempt to intentionally misrepresent to this court the information that was before the trial court when it accepted the plea. Such action, in my opinion, is not condonable.
 {¶ 59} Secondly, during oral arguments and in the brief, appellee cited to State v. Lucente, 7th Dist. No. 03MA216,2005-Ohio-1657. However, from the brief and oral arguments, it is clear to me that either appellee has not read Lucente or is unable to understand its simple holding.
 {¶ 60} Thus, I will take this opportunity to explainLucente. In Lucente, we vacated the plea on the basis that the trial court indicated to Lucente that if deportation was a possibility then Lucente could come back to the trial court and it would permit him to withdraw his plea. However, when deportation was a possibility and Lucente came back to the court, it refused to allow him to withdraw the plea. We reasoned that given the trial court's indication that the plea could be withdrawn if deportation was a possibility, Lucente could not have subjectively understood the implications of his plea and the rights he was waiving. Or, in other words, how can a trial court be sure a defendant understands the fact that his plea may result in deportation, when the trial court indicates that if deportation is a possibility he can withdraw the plea? As we stated in Lucente, "The reliance a defendant may place on the above type statement [statement indicating that the plea would be allowed to be withdrawn if deportation was a possibility] leads us to the conclusion that the plea might not have otherwise been made had the trial court not made the statement." Id. at ¶ 37. Thus, as we found in Lucente, the plea was not entered into knowingly and therefore required vacation.