OPINION
{¶ 1} Defendant-appellant Salavat Ayupov appeals from a decision of the Montgomery County Area II Court overruling his motion to set aside his conviction for domestic violence. Ayupov filed his motion to set aside his conviction on March 13, 2006. The State did not file a response to Ayupov's motion. On March 28, 2006, the trial court overruled the motion without *Page 2 
holding a hearing. Ayupov filed a timely notice of appeal on April 18, 2006.
 I {¶ 2} On March 16, 2003, Ayupov, a native and citizen of Russia, was arrested and charged with domestic violence. Ayupov pled guilty to domestic violence in violation of R.C. § 2919.25 on March 25, 2003. The trial court sentenced him to ninety (90) days imprisonment, suspended eighty-one (81) days of the sentence, and gave him jail-time for the nine days he had already served. Along with being placed on probation for one year, Ayupov received a fine and was assessed court costs.
 {¶ 3} In light of his prior conviction for domestic violence, Ayupov's application for lawful permanent resident status was denied by the United States Citizen and Immigration Services on January 11, 2005. As noted above, Ayupov filed a motion with the trial court pursuant to R.C. § 2943.031 to set aside his conviction. On March 28, 2006, the trial court issued a decision overruling Ayupov's motion without holding a hearing. It is from this decision that Ayupov now appeals.
 II {¶ 4} Ayupov's sole assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SET ASIDE HIS CRIMINAL CONVICTION PURSUANT TO OHIO REV. CODE § 2943.031."
 {¶ 6} In his sole assignment, Ayupov contends that the trial court erred in overruling his motion to set aside his criminal conviction pursuant to R.C. § 2943.031, when the court did not comply with the statute's mandate that Ayupov be advised that his conviction for domestic *Page 3 
violence could jeopardize his immigration status in the United States and render him ineligible to become a U.S. citizen. After a thorough review of the record, it is apparent that the trial court did not provide Ayupov with the required warning prior to accepting his guilty plea.
 {¶ 7} R.C. § 2943.031(A) states in pertinent part:
 {¶ 8} "Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 9} "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 10} Moreover, R.C. 2943.031(D) states in pertinent part:
 {¶ 11} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide thedefendant the advisement described in division (A) of this section, theadvisement is required by that division, and the defendant shows that heis not a citizen of the United States and that the conviction of theoffense to which he pleaded guilty * * * may result in his being subjectto deportation, exclusion from admission to the United States, or denialof naturalization pursuant *Page 4 to the laws of the United States." (Emphasis added).
 {¶ 12} The clear and unambiguous language of subsection (D) of the statute requires the trial court to set aside a conviction and allow the defendant to withdraw his guilty plea if the following four requirements are met: "1) the court failed to provide the advisement described in the statute; 2) the advisement was required to be given; 3) the defendant is not a citizen of the United States, and 4) the offense to which the defendant plead guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws." State v. Weber (1997), 125 Ohio App.3d 120, 126,707 N.E.2d 1178. The Ohio Supreme Court has additionally held that timeliness of the motion to withdraw the plea is also a consideration in determining whether a defendant may withdraw a plea after sentencing under R.C. § 2943.031. State v. Francis (2004), 104 Ohio St.3d 490,820 N.E.2d 355, 2004-Ohio-6894.
 {¶ 13} In the instant matter, it is clear that the advisement was required to be given. Thus, the issue to be decided by this Court is whether any advisement was given in accordance with the mandate set forth in R.C. § 2943.031. In line with the Supreme Court's decision inFrancis, supra, both parties agree that the trial court is only required to substantially comply with R.C. § 2943.031. The Francis court, in holding that substantial compliance is the correct standard to be used, stated the following:
 {¶ 14} "We hold that if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether *Page 5 
the trial court that accepted the plea substantially complied with R.C.2943.031(A). ` Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.' State v. Nero
[(1989)], 56 Ohio St.3d [106,] 108, 564 N.E.2d 474; see also, [Statev.] Griggs [(2004)], 103 Oho St.3d 85, 814 N.E.2d 51, 2004-Ohio-4415, at ¶ 12."
 {¶ 15} Essentially, the statute specifies that a defendant must be advised that a conviction could result in deportation, exclusion from admission, or denial of naturalization. State v. Lucente (March 29, 2005), Mahoning App. No. 03 MA 216, 2005-Ohio-1657. "The purpose of the deportation advisement is not only to inform a defendant that deportation is a possible consequence of the guilty plea, but also to ensure that a defendant is willing to accept that possible consequence."Id.
 {¶ 16} Even a cursory review of the record reveals that the trial court did not comply, substantially or otherwise, with the requirements of R.C. § 2943.031 when accepting Ayupov's guilty plea for the domestic violence charge brought against him. Simply put, the trial court made no mention of the possible consequences Ayupov might suffer with respect to his immigration status as a result of his entering a guilty plea. Although the State points to Ayupov's fourteen (14) month delay in filing his motion to set aside his criminal conviction as a reason that the trial court was correct in denying said motion, the trial court made no mention of the timeliness factor in its decision denying the motion. In Francis, supra, the Ohio Supreme Court found that a nine (9) year delay in filing a motion to withdraw a guilty plea was not untimely for the purposes of R.C. § 2943.031. Once Ayupov discovered that his immigration *Page 6 
status was at risk because of his conviction, he had to retain new counsel as well as obtain the video from his plea hearing in order to complete the record. Under the circumstances in this case, Ayupov's fourteen month delay in filing his motion was not unreasonable. Thus, pursuant to R.C. § 2943.031, the trial court erred when it overruled Ayupov's motion to set aside his conviction for domestic violence.
 {¶ 17} Ayupov's sole assignment of error is sustained.
 III {¶ 18} Ayupov's sole assignment of error having been sustained, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
 FAIN, J. and GRADY, J., concur. *Page 1