[Cite as *State v. Zabala*, 2011-Ohio-2947.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
| | : | Julie A. Edwards, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
| | : | |
| -vs- | : | Case No. 10CAC080059 |
| | : | |
| | : | |
| MATEO ZABALA | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:      Criminal Appeal from Delaware
                             County Municipal Court No. 03-CRB-
                             01564

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 2, 2011

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

PETER B. RUFFING                BRIAN C. DIFRANCO
Justice Center                  DiFranco Law Office, LLC
70 North Union Street           100 E. Campus View Blvd., 250
Delaware, Ohio  43015           Columbus, Ohio  43235

*Edwards, J.*

{¶1} Defendant-appellant, Mateo Zabala, appeals from the July 8, 2010, Judgment Entry of the Delaware County Municipal Court denying his Motion to Withdraw his plea. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 5, 2003, a complaint was filed in Delaware County Municipal Court charging appellant with drug possession (marijuana) in violation of R.C. 2925.11, a minor misdemeanor. On the same date, a complaint was filed charging appellant with possession of drug paraphernalia in violation of R.C. 2925.14, a misdemeanor of the fourth degree. At his scheduled arraignment on August 11, 2003, appellant, who was not represented by counsel, pleaded no contest to the charge of possession of drug paraphernalia and was found guilty. He was fined $150.00 plus costs and ordered to perform forty hours of community service. Appellant was found not guilty of the remaining charge.

{¶3} Subsequently, on June 3, 2010, appellant filed a Motion to Withdraw his plea pursuant to R.C. 2943.031(D) and Crim.R. 32.1. Appellant, in his motion, noted that he was not a United States citizen and was awaiting a hearing in regard to his eligibility for Legal Permanent Residence based on his marriage to a U.S. citizen. Appellant alleged that the trial court's finding of guilt following appellant's no contest plea rendered him inadmissible and subject to removal from the United States. Appellant argued that, in accepting his plea, the trial court failed to comply with R.C. 2943.031(E) because it never advised him personally that his conviction could result in

deportation, exclusion from admission to the United States or denial of naturalization. Appellant, in his motion, stated, in relevant part, as follows:

{¶4} "Defendant's record of conviction demonstrates that before the Judge addressed the Defendant personally, the entire courtroom was read a number of rights prior to the commencement of the court hearings that day. When defendant signed his waiver of rights form he was only put on notice by the form of the potential of deportation only. The Trial Court addressed Defendant personally before accepting his plea but only inquired if Defendant understood the earlier recitation given to the entire courtroom. The Trial Court made reference only to the concerns about Immigration Laws that were explained earlier. O.R.C. 2943.031(A). Pursuant to O.R.C. 2943.031(E), when the Court is unable to provide a record showing that the Court provided the required advisement, the defendant is 'presumed not to have received the advisement.'

{¶5} "Defendant learned of his current inadmissibility to Adjustment of Status to Legal Permanent Residence after retaining current counsel. Defendant is scheduled to appear in Immigration court on June 17, 2010 and must be able to demonstrate that he is admissible. If he fails to demonstrate that he is admissible as a Legal Permanent Resident then the Immigration Judge will order Defendant removed from the United States to Colombia."

{¶6} Attached to appellant's motion was a June 15, 2009, "Decision on Application for Permanent Residence" from the United States Citizenship and Immigration Services denying his January 11, 2009, Application for Permanent Residence or Adjust Status. The decision stated that appellant's application was being

denied because appellant had failed to submit certified arrest records and certified court dispositions relating to a 2007 case out of Westerville, Ohio. The decision noted that appellant had been requested to submit information with respect to five different criminal cases, including the case sub judice.

{¶7} A hearing on appellant's motion was held on June 25, 2010. Pursuant to a Judgment Entry filed on July 8, 2010, the trial court denied such motion. The trial court, in its Judgment Entry, found that it had, on August 11, 2003, stated that a conviction for a non-United States citizen could result in deportation, exclusion from admission or denial of naturalization. The trial court indicated that it had addressed appellant personally when his case was called and had asked him if he was in court when the trial court recited the general arraignment rights to all defendants. The trial court further stated that appellant had indicated that he had understood his rights and had understood the trial court's explanation regarding how a conviction could affect appellant's immigration rights. The trial court, based on the forgoing, found that appellant "was given warnings that substantially complied with R.C. 2943.031. He appeared to understand the possible implication that a conviction could have on his immigration rights."

{¶8} Appellant now raises the following assignment of error on appeal:

{¶9} "THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITH DRAW [SIC] HIS GUILTY PLEA FOR LACK OF SUBSTANTIAL COMPLIANCE WITH O.R.C. 2943.031 WHERE THE TRIAL COURT ERRED IN DETERMINING THAT A GROUP RECITATION OF THE REQUIREMENTS OF O.R.C. 2943.031 GIVEN AT THE COMMENCEMENT OF ARRAIGNMENT FOLLOWED BY AN

ACKNOWLEDGMENT OF THE DEFENDANT THAT HE UNDERSTOOD COMPLIES WITH THE *'PERSONALLY ADDRESS'* LANGUAGE OF THE STATUTE."

I

{¶10} Appellant, in his sole assignment of error, argues that the trial court erred in denying appellant's Motion to Withdraw his no contest plea. Appellant specifically contends that the trial court erred in finding that a group recitation of the requirements of R.C. 2943.031 given at the commencement of arraignment, followed by appellant's acknowledgement that he understood, complies with the statute.

{¶11} A trial court's decision on a noncitizen's motion to withdraw guilty or no-contest plea, based on allegedly inadequate advisement of immigration-related consequences of plea, is reviewed for abuse of discretion. See *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355 at paragraph 32.

{¶12} In Ohio, the duty to inform a non-citizen defendant of the possible deportation consequences of his or her plea is entrusted to the trial court. R.C. 2943.031(A) states that, when a trial court accepts a guilty plea from a defendant, like appellant, who is not a United States citizen: " * * * [T]he court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

{¶13} 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' "

**{¶14}** In addition, R.C. 2943.031(D) states:

**{¶15}** "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

**{¶16}** In *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, the Ohio Supreme Court set forth the standard for plea withdrawal motions pursuant to R.C. 2943.031 claims: "[I]f some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." *Francis* at ¶ 48. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.'" Id*., quoting *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

{¶17} Appellant, in the case sub judice, did not file a direct appeal. An appellant's failure to directly appeal a court's failure to comply with R.C. 2943.031 during the plea process is not barred by the doctrine of res judicata. See *State v. Lucente*, Mahoning App. No. 03 MA 216, 2005-Ohio-1657. In *Lucente*, the court stated, in relevant part, as follows: "Prior to addressing whether the trial court adequately advised appellant of R.C. 2943.031, we must first address the state's argument that appellant's arguments concerning the adequacy of the advisement under R.C. 2943.031, 'may be barred by res judicata.' If appellant's arguments are barred by res judicata, then whether or not the advisement complied with R.C. 2943.031 would be a moot issue. The state's contention is that appellant could have raised the failure to comply with R.C. 2943.031 in a direct appeal, and thus res judicata applies.

{¶18} "The Tenth Appellate District has held that a motion to withdraw a plea for failure to comply with R.C. 2943.031 is not barred by the failure to appeal the defect in a plea process. *State v. Yuen,* 10th Dist. No. 01AP-1410, 2002-Ohio-5083, at ¶ 31. In so holding, the Tenth District relied on the Ohio Supreme Court case of *State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002-Ohio-3993 and the similarities between a motion to withdraw under Crim.R. 32.1 and a motion to withdraw under R.C. 2943.031. *Yuen,* 2002-Ohio-5083.

{¶19} "In *Bush,* the Ohio Supreme Court was asked to determine whether a motion to withdraw a guilty plea filed after the time for appeal had expired must be considered a motion for post-conviction relief under R.C. 2953.21. *Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522. The Supreme Court held that a Crim.R. 32.1 motion was not a petition for post-conviction relief, but was rather a distinct avenue for relief. Id. at ¶ 11,

773 N.E.2d 522. It explained that post-conviction relief is a collateral attack on the validity of a conviction or sentence. Id. at ¶ 13, 773 N.E.2d 522. However, a Crim.R. 32.1 motion to withdraw is not a collateral attack since it is filed in the underlying criminal case and targets the withdrawal of a plea. Id.

{¶20} "Applying the Supreme Court's reasoning, the *Yuen* court explained that a R.C. 2943.031 motion to withdraw is similar to a Crim.R. 32.1 motion to withdraw, in that 'it is commenced with the filing of a motion in the underlying case, it is directed to the plea, and the statute giving rise to the motion does not specify any time limits.' *Yuen,* 2002-Ohio-5083, at ¶ 29. Furthermore, the *Yuen* court explained that in *Bush,* the motion to withdraw the plea was filed outside the time limits for a direct appeal, and in that case the Supreme Court did not suggest that *Bush's* remedy under Crim.R. 32.1 was barred by his failure to appeal from his guilty plea. Id. at ¶ 30, 773 N.E.2d 522. Thus, given all of the above, the *Yuen* court concluded, a defendant may appeal 'the trial court's failure to comply with R.C. 2943.031, or * * * may appeal the trial court's refusal to grant his R.C. 2943.031(E) motion to withdraw.' Id. at ¶ 31.

{¶21} "We find the Tenth District's reasoning logical. Accordingly, res judicata does not bar appellant's appeal; the state's argument fails." Id at paragraphs 10-14.

{¶22} We find, therefore, that appellant's motion was not barred by the doctrine of res judicata. In *State v. Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, the Ohio Supreme Court recognized that necessary proof to support such a claim may not exist within the record on direct appeal of the conviction. Id at ¶ 36. The court further noted that a motion under R.C. 2943.031(D) and an appeal from the denial of such motion provide the exclusive remedies for a trial court's alleged failure to comply

with R.C. 2943.031(A). *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719, 803 N.E.2d 813 at paragraph 7.

{¶23} We further find that appellant's motion was timely made. In *Francis*, supra, the court held that the timeliness of the motion to vacate the guilty plea was an important factor when determining whether the trial court abused its discretion. While recognizing that R.C. 2943.031 did not provide any time limitations within which to file a motion to withdraw, the court stated as follows:

{¶24} "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." Id at paragraph 40.

{¶25} On August 11, 2003, appellant entered his no contest plea in the case sub judice. His motion to vacate the same was not filed until June 2, 2010. Appellant, in his motion, indicated that "he had learned of his current inadmissibility to Adjustment of Status to Legal Permanent Residence after retaining current counsel" and that he was scheduled to appear in Immigration Court on June 17, 2010. We find that appellant's motion was filed with a reasonable length of time.

{¶26} The issue that must next be determined is whether or not the trial court erred in determining that a group recitation of the requirements of R.C. 2943.031 given at the start of arraignment, followed by appellant's acknowledgement that he

understood, complied with the requirement in R.C. 2943.031(A) that the court address the defendant personally.

{¶27} In *State v. Yanez*, 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, the court held, as relevant part, as follows:

{¶28} "The principal goal of statutory interpretation is to give effect to the intent of the legislature. See *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 39, 741 N.E.2d 121. The court must first look to the language of the statute. If the language unambiguously and distinctly expresses the sense of the legislative body, it must be applied as written. Id.; … The General Assembly has put the three required warnings-deportation, exclusion from the United States, and denial of naturalization-in quotation marks. We find no other criminal statute in which the General Assembly has used quotation marks to designate the trial court's colloquy with a defendant. See, also, *State v. Quran,* 2002-Ohio-4917, 2002 WL 31087704, at ¶ 21. The use of quotation marks and the command to the trial court that it 'address the defendant personally' and 'provide * * * the advisement' indicate a clear intent by the General Assembly that each warning should be given to ensure that a person pleading guilty or no contest knows exactly what immigration consequences his plea may have. It is an acknowledgement that, at least to some defendants, the collateral consequences of a plea, namely deportation, exclusion from admission to the United States, and denial of naturalization, may well be a more serious sanction than the imposition of a prison term. See, e.g., *Immigration & Naturalization Serv. v. St. Cyr,* 533 U.S. at 322-323, 121 S.Ct. 2271, 150 L.Ed.2d 347; see, also, Chin& Holmes, Effective Assistance of Counsel and the Consequences of Guilty Pleas, 87 Cornell L.Rev. at 700. The words of the statute,

bracketed by quotation marks, do not permit any other interpretation." Id at paragraph 29.

**{¶29}** The court, in *Yanez,* further held that the appellant's written signature on a plea form that specified the immigration consequences did not satisfy the requirement in R.C. 2943.031(A) that the court personally address a defendant. See also *State v. Mason,* 2002-Ohio-930, 2002 WL 242662, at 4  in which the court held that  "[i]t is clear however, that the legislature intended that the trial court engage in a personal colloquy with the non-citizen defendant to assure itself that the defendant fully understands the deportation consequences of his plea."

**{¶30}** In the case sub judice, the trial court, at arraignment, advised a group sitting behind the court railing of all of the potential consequences referred to in R.C. 2943.031(A). When appellant appeared at the podium before the trial court, the following exchange occurred between appellant and the trial court:

**{¶31}** "The Court: Are you a U.S. citizen?

**{¶32}** "The Defendant: No, your honor.

**{¶33}** "The Court: And you understand, uh what I was talking about, you're not concerned about uhm any of the matters in terms of uhn Immigration Laws and things like that that I explained to you?

**{¶34}** "The Defendant: yes I do your honor.

**{¶35}** "The Court: You do understand that?

**{¶36}** "The Defendant: [no verbal response] (Arraignment Video Trans., at 9:15:07 AM)."  Appellant then entered his no contest plea.

**{¶37}** We find, based on the foregoing, that the trial court never <u>personally</u> addressed appellant and assured itself that appellant fully understood the immigration consequences of his plea of no contest. Appellant was never personally advised that his conviction could result in deportation, exclusion from admission to the United States or denial of naturalization. We find, for such reason, that the trial court erred in denying appellant's Motion to Withdraw his plea.

**{¶38}** Appellant's sole assignment of error is, therefore, sustained.

**{¶39}** Accordingly, the judgment of the Delaware County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings.

By: Edwards, J.

Delaney, J. concurs

Hoffman, P.J. dissents

_____

_____

_____

                                          JUDGES

JAE/d0216

*Hoffman, PJ., dissenting*

**{¶40}** I respectfully dissent from the majority opinion.

**{¶41}** While I am not yet convinced res judicata does not apply in the case sub judice, I, nevertheless, dissent because I find Appellant's motion to withdraw his plea nearly seven years after it was entered is untimely.

**{¶42}** Although unnecessary to my decision, I further question the majority's conclusion the trial court never "<u>personally</u>" addressed Appellant and assured itself Appellant fully understood the immigration consequences of his plea of no contest. (Majority Opinion at ¶24). It appears underlying the majority's conclusion is its concern whether group advisement of R.C. 2943.031 consequences is permissible. I do not find the necessity to "personally" address the defendant requires the trial court to "individually" advise the defendant of possible immigration consequences prior to personally addressing the defendant as to his or her understanding of the same.

_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Zabala*, 2011-Ohio-2947.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MATEO ZABALA | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAC080059 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.

_____

_____

_____

JUDGES