OPINION
{¶ 1} Defendant-appellant, Wilson T. Oluoch,[1] appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court denied appellant's motion to withdraw his guilty pleas.
 {¶ 2} The Franklin County Grand Jury indicted appellant on one count of kidnapping, a first-degree felony, in violation of R.C. 2905.01, one count of gross sexual *Page 2 
imposition, a fourth-degree felony, in violation of R.C. 2907.05, and two counts of rape, first-degree felonies, in violation of R.C. 2907.02.
 {¶ 3} Pursuant to a plea bargain with plaintiff-appellee, the State of Ohio, appellant pled guilty to the single kidnapping charge and to one of the rape counts. Appellant signed a plea form verifying his guilty pleas, which denoted that the defense and appellee jointly recommended a sentence of 15 years imprisonment and, on the plea form, appellant, a Kenyan national, indicated that he was not a United States citizen.
 {¶ 4} The trial court accepted appellant's guilty pleas at a September 9, 2002 plea hearing. That same day, immediately after the plea hearing, the trial court sentenced appellant to the jointly recommended 15 years imprisonment.
 {¶ 5} On June 29, 2005, appellant filed a motion to withdraw his guilty pleas and asserted various claims detailed below. In the motion, appellant stated:
 It is [appellant's] belief that the record and attached exhibits are sufficient to establish the facts necessary for the Court to grant his Motion to Withdraw his Guilty Pleas. However, in order to insure that no fact is omitted and in order to answer any questions the Court may have, [appellant] respectfully requests argument and an evidentiary hearing on his motion.
The trial court denied appellant's motion without a hearing.
 {¶ 6} Additional facts concerning appellant's appeal will be developed below. In his appeal, appellant raises eleven assignments of error:
 ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED WHEN IT REQUIRED APPELLANT TO ESTABLISH MANIFEST INJUSTICE IN ORDER TO WITHDRAW HIS GUILTY PLEA BASED ON *Page 3 
THE TRIAL COURT'S FAILURE TO GIVE THE WARNING REQUIRED UNDER OHIO REVISED CODE § 2943.031 (A).
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED WHEN IT HELD THAT IT HAD SUBSTANTIALLY COMPLIED WITH THE WARNING REQUIRED UNDER OHIO REVISED CODE § 2943.031 (A).
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED WHEN IT CHARACTERIZED THE TWO YEARS AND TEN MONTHS BETWEEN THE TIME PETITIONER PLEADED GUILTY AND THE TIME HE SOUGHT TO WITHDRAW HIS GUILTY PLEA AS "DELAY" WHEN THE APPELLANT IS FROM A DISTANT LAND, WAS TOLD BY THE COURT THAT HE WAS NOT ENTITLED TO AN APPEAL, WAS NOT APPOINTED APPELLATE COUNSEL, WAS NOT PROVIDED WITHOUT COST A TRANSCRIPT OF THE TRIAL COURT PROCEEDINGS, AND WAS DENIED A HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA.
 ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLANT'S "DELAY" IN FILING HIS MOTION TO WITHDRAW ADVERSELY AFFECTED HIS CREDIBILITY AND MILITATED AGAINST GRANTING HIS MOTION.
 ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ERRED WHEN IT HELD THAT RES JUDICATA BARRED CONSIDERATION OF THE TRIAL COURT'S FAILURE TO GIVE THE OHIO REV. CODE § 2943.031 WARNING AS A BASIS FOR GRANTING [APPELLANT'S] MOTION TO WITHDRAW HIS GUILTY PLEA.
 ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT ERRED WHEN IT HELD THAT RES JUDICATA BARRED CONSIDERATION, INDIVIDUALLY AND/OR CUMULATIVELY, OF (1) VIOLATIONS OF ARTICLE 36 OF THE VIENNA CONVENTION ON CONSULAR RELATIONS, (2) FAILURE TO COMPLY WITH *Page 4 
OHIO CRIM.R. 11, (3) FAILURE TO PROVIDE AN INTERPRETER, (4) INEFFECTIVE ASSISTANCE OF COUNSEL, AND (5) THE FAILURE TO GIVE THE OHIO REV. CODE § 2943.031 WARNING, IN ASSESSING THE TOTALITY OF THE CIRCUMSTANCES FOR WITHDRAWAL OF A GUILTY PLEA UNDER OHIO CRIM.R. 32.1 AND UNDER OHIO REV. CODE § 2943.031 (D).
 ASSIGNMENT OF ERROR NO. 7
 THE TRIAL COURT ERRED WHEN IT FOUND THAT IT HAD SUBSTANTIALLY COMPLIED WITH OHIO CRIM.R. 11.
 ASSIGNMENT OF ERROR NO. 8
 THE TRIAL COURT ERRED WHEN IT FOUND IT HAD NO OBLIGATION UNDER OHIO REV. CODE § 2311.14(A) TO APPOINT AN INTERPRETER.
 ASSIGNMENT OF ERROR NO. 9
 THE TRIAL COURT ERRED WHEN IT FOUND THAT THERE IS NO REMEDY FOR A STATE'S FAILURE TO INFORM A FOREIGN NATIONAL OF HIS RIGHTS UNDER ARTICLE 36 OF THE VIENNA CONVENTION ON CONSULAR RELATIONS PROVIDES [sic].
 ASSIGNMENT OF ERROR NO. 10
 THE TRIAL COURT ERRED WHEN IT FOUND THAT [APPELLANT] HAD RECEIVED THE EFFECTIVE ASSISTANCE OF COUNSEL.
 ASSIGNMENT OF ERROR NO. 11
 THE TRIAL COURT ERRED WHEN IT DENIED [APPELLANT] AN EVIDENTIARY HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEAS.
 {¶ 7} We first turn to appellant's assignments of error that concern the trial court denying appellant's plea withdrawal motion upon rejecting claims that the trial court failed to advise appellant properly when it accepted appellant's guilty pleas. R.C. *Page 5 2943.031 (A) states that, when a trial court accepts a guilty plea from a defendant, like appellant, who is not a United States citizen:
 * * * [T]he court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 8} In addition, R.C. 2943.031 (D) states:
 Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 {¶ 9} In his first assignment of error, appellant contends that the trial court applied the wrong standard when considering appellant's R.C.2943.031 claims. In the beginning of its decision denying appellant's plea withdrawal motion, the trial court generally indicated that appellant must "show the existence of `manifest injustice' in order to have the Court allow him to withdraw his plea." A manifest injustice standard applies to Crim.R. 32.1 post-sentence guilty plea withdrawal motions. State v. Xie (1992), 62 Ohio St.3d 521, 526. However, the manifest injustice standard does not *Page 6 
apply to plea withdrawal motions filed pursuant to R.C. 2943.031 (D). See State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 26.
 {¶ 10} Regardless, later in its decision, the trial court specifically reviewed appellant's R.C. 2943.031 claims, and, in doing so, the trial court clarified that the "[c]ourt's review * * * is governed by the standards established under R.C. § 2943.031 (D) instead of the general procedural provisions of Crim.R. 32.1." In this regard, in deciding appellant's R.C. 2943.031 contentions, the trial court realized the inapplicability of the manifest injustice standard equated with Crim.R. 32.1 post-sentencing plea withdrawal motions. Thus, the trial court did not apply a manifest injustice standard to appellant's R.C. 2943.031
contentions, and we overrule appellant's first assignment of error.
 {¶ 11} We next address appellant's second assignment of error, which concerns the trial court rejecting appellant's contention that it failed to make the requisite advisements under R.C. 2943.031 when it accepted appellant's guilty pleas, and the portion of appellant's eleventh assignment of error that concerns the trial court rejecting appellant's R.C. 2943.031 claims without a hearing.
 {¶ 12} In Francis, the Ohio Supreme Court set forth the standard for plea withdrawal motions pursuant to R.C. 2943.031 claims: "[I]f some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031 (A), a trial court considering the defendant's motion to withdraw the plea under R.C.2943.031 (D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C.2943.031 (A)." Francis at ¶ 48. "`Substantial compliance means that under the totality of the circumstances the *Page 7 
defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.'" Id., quoting State v. Nero (1990),56 Ohio St.3d 106, 108.
 {¶ 13} We have held that "substantial compliance with R.C. 2943.031
(A) requires a defendant to be informed not only of the possibility of deportation, but also of the possibilities of exclusion from admission into the United States and denial of naturalization pursuant to the laws of the United States." State v. Ouch, Franklin App. No. 06AP-488,2006-Ohio-6949, at ¶ 28, citing State v. Batista, Franklin App. No. 03AP-1009, 2004-Ohio-5066, at ¶ 9.
 {¶ 14} Here, at appellant's plea withdrawal hearing, the following exchange took place:
 [THE COURT:] Mr. [Oluoch], let me just simply ask you this question: You are not a citizen of the United States; is that correct?
 THE DEFENDANT: Yes.
 THE COURT: Yes, you are not?
 THE DEFENDANT: Yes, I'm not.
 THE COURT: Yes, you're not. You understand that by pleading guilty, this could jeopardize your status here in this country? Do you understand that by pleading guilty to these felonies, the plea of guilty and the finding of guilty could jeopardize your status as a — as a person in this country; do you understand that?
 THE DEFENDANT: Yeah.
 * * *
 [APPELLANT'S COUNSEL]: My client asked me about that specifically in terms of when we were negotiating with the prosecutor about a recommendation, that he be allowed to *Page 8 
stay in the country. I pointed out to him that you are a state judge, county judge and basically represent-
 THE COURT: Actually a state judge. I'm not a county judge. State judge.
 [APPELLANT'S COUNSEL]: I will get that correct, and federal government is the one that handles whether he remains in the country or not and you have no authority over that particular issue and I made it clear to him.
 THE COURT: I have no final authority over it, no.
 [APPELLANT'S COUNSEL]: So I pointed out to him that the Federal government will make the determination after he finishes the prison sentence of how to proceed.
 THE COURT: That's correct. (Vol. II Tr. at 223-225.)
 {¶ 15} In rejecting appellant's R.C. 2943.031 claims, the trial court concluded that it "substantially complied with the requirements of R.C. § 2943.031 (A)" when it informed appellant that, by pleading guilty, he "could jeopardize his status in this country." However, in an affidavit that appellant attached to his plea withdrawal motion, appellant alleged that "[n]o one told me that because I pleaded guilty I may never be able to come to this country again. * * * I would not have pleaded guilty had I known these things." Pursuant to Ouch and Batista, appellant's affidavit, alone, indicates that the trial court did not substantially comply with R.C. 2943.031 (A) by failing to admonish appellant on the possibilities of appellant's exclusion from admission into the United States and denial of naturalization pursuant to the laws of the United States.
 {¶ 16} However, the analysis does not end here because a substantial compliance review entails an examination of the totality of circumstances as to whether appellant subjectively understood the possibilities of his exclusion from admission into *Page 9 
the United States and denial of naturalization pursuant to the laws of the United States. See Francis at ¶ 48. In this regard, we note that, while appellant makes the above assertions, appellant's counsel admitted to discussing the repercussions of appellant's guilty pleas, and he specifically referenced a discussion regarding appellant's ability to remain in the United States. Furthermore, appellant admitted to the trial court that he understood that, "by pleading guilty, this could jeopardize [his] status here in this country." (Vol. II Tr. at 224.)
 {¶ 17} Thus, the appropriate analysis for the trial court was whether, given the trial court's and appellant's counsel's discussions with appellant, the totality of the circumstances established that appellant subjectively understood the implications of his guilty pleas concerning the possibilities of appellant's exclusion from admission into the United States and denial of naturalization pursuant to the laws of the United States. See Francis at ¶ 48; see, also, Ouch at ¶ 27 (concluding that "a trial court's determination that a defendant has been fully apprised of the advisement set forth in R.C. 2943.031 (A) and that defendant understands the consequences of entering a guilty plea on his or her immigration status may be based upon the surrounding circumstances, such as defense counsel's representations to that effect"). To appropriately resolve the issue, a hearing on appellant's R.C. 2943.031 claims was warranted.
 {¶ 18} In Francis, the Ohio Supreme Court indicated that, in some situations, a trial court abuses its discretion by failing to hold a hearing before ruling on a plea withdrawal motion based on R.C. 2943.031
claims. Id. at ¶ 51. As an example, in Ouch, we stated:
 * * * [D]efense counsel represented to the court that he informed defendant of all the "ramifications" of pleading *Page 10 
guilty on his immigration status. Defendant admits in his motion that defense counsel informed him of the possibility of deportation, but asserts in his affidavit that defense counsel did not fully inform him or explain the consequences of his guilty plea. He further asserts he would not have plead[ed] guilty had he known the "full consequences" prior to entering the plea. Thus, although it appears defense counsel informed defendant of the possibility of deportation, the record is unclear whether defense counsel advised him of the possibilities of exclusion from admission into the United States and denial of naturalization pursuant to the laws of the United States.
 * * * Under these circumstances, the trial court abused its discretion in failing to hold a hearing on defendant's motion in order to assess whether defense counsel properly advised defendant. * * *
Id. at ¶ 29-30.
 {¶ 19} To be sure, Francis did "not establish[ ] a rule that requires a hearing" on "every" plea withdrawal motion based on R.C. 2943.031.Francis at ¶ 56. For instance, in State v. Lucente, Mahoning App. No. 03 MA 216, 2005-Ohio-1657, at ¶ 52, the Seventh District Court of Appeals, in reversing a trial court's denial of a plea withdrawal motion based on R.C. 2943.031 claims, concluded that a hearing on remand was not necessary, given the appellate court's "own independent review of a complete record" submitted to the appellate court.
 {¶ 20} Here, given the circumstances involving the trial court and appellant's counsel discussing the repercussions of appellant's guilty pleas on his immigration status, "our own independent review of a complete record" does not automatically reveal the trial court's lack of substantial compliance with R.C. 2943.031. Cf. Lucente at ¶ 52. Rather, recognizing similar circumstances in Ouch, a hearing would have assisted the trial court in discerning whether appellant's assertions in his affidavit warrant a *Page 11 
setting aside of the guilty pleas, or whether the totality of the circumstances demonstrate that appellant "subjectively understood the implications of his plea[s]" concerning the possibilities of appellant's exclusion from admission into the United States and denial of naturalization pursuant to the laws of the United States. SeeFrancis at ¶ 48. Accordingly, we conclude that the trial court abused its discretion by rejecting appellant's R.C. 2943.031 claims without holding a hearing.
 {¶ 21} In so concluding, we note that a defendant filing a plea withdrawal motion with R.C. 2943.031 claims must also "demonstrate that he or she was prejudiced by the trial court's alleged failure to comply with R.C. 2943.031 (A)." Francis at ¶ 45. In Batista, we concluded that a defendant, who filed a plea withdrawal motion by asserting R.C.2943.031 claims, failed to establish prejudice because "there [was] no evidence [that the defendant was] facing exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States as a result of his guilty plea." Batista at ¶ 12. We find such a holding from Batista inapposite because nothing inBatista indicated that the defendant submitted, with the plea withdrawal motion, any evidence that deportation proceedings had actually commenced. Conversely, here, appellant attached to his plea withdrawal motion a copy of his deportation order, which constitutes evidence that appellant is facing adverse consequences due to his guilty pleas. As such, by submitting a copy of the deportation order, appellant sufficiently established prejudice from his guilty pleas. See State v.White, 163 Ohio App.3d 377, 2005-Ohio-4898, at ¶ 22.
 {¶ 22} For all of these reasons, we sustain appellant's second assignment of error. We also sustain appellant's eleventh assignment of error to the extent that it *Page 12 
applies to the trial court rejecting appellant's R.C. 2943.031 claims without an evidentiary hearing.
 {¶ 23} We next address appellant's third and fourth assignments of error, which concern the following determinations from the trial court in its decision to deny appellant's plea withdrawal motion:
 [Appellant] entered his plea of guilty on September 9, 2002. He did not file his Motion to Withdraw Guilty Pleas until June 29, 2005, which was nearly three years later. [Appellant] does not provide any reason why he waited so long to file his Motion. The Court finds that the nearly three years that [appellant] waited to file his Motion to have been a significant delay. The Court considers that as one factor that adversely affects [appellant's] credibility and that militates against the granting of [appellant's] Motion. * * *
The trial court made the above determinations near the beginning of its decision, and not as a specific part of its R.C. 2943.031 analysis.
 {¶ 24} According to the Ohio Supreme Court in Francis, timeliness of an R.C. 2943.031 motion "is just one of many factors that the trial court should take into account when exercising its discretion in considering whether to grant the motion." Francis at ¶ 40. As an example, "[t]he more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." Id. Yet, the Supreme Court admonished, "in some cases even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when *Page 13 
the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." Id. at ¶ 42. Thus, the Supreme Court stated, "[t]his is not a situation that requires a bright-line rule." Id. Rather, "[a]s one of many factors underlying the trial court's exercise of discretion in considering the motion to withdraw, timeliness of the motion will be of different importance in each case, depending on the specific facts." Id.
 {¶ 25} Here, as noted above, the trial court considered the delay in the filing of appellant's plea withdrawal motion as a general factor against granting the motion. Yet, the trial court was required to specifically consider the timeliness issue in light of its R.C. 2943.031
analysis. See Francis at ¶ 40, 42. The trial court abused its discretion in failing to do so. See id. at ¶ 33 (holding that "when a defendant's motion to withdraw is premised on R.C. 2943.031 , the standards within that rule guide the trial court's exercise of discretion"). Consequently, we sustain appellant's third and fourth assignments of error.
 {¶ 26} In his fifth assignment of error and a portion of his sixth assignment of error, appellant contends that the trial court erred when it applied res judicata as an alternative ground to reject appellant's R.C. 2943.031 claims. Appellant correctly notes that res judicata does not apply to bar a defendant from asserting R.C. 2943.031 contentions in a guilty plea withdrawal motion, even though the defendant failed to raise such contentions through a direct appeal after the plea. SeeLucente at ¶ 10-14; see, also, State v. Totten, Franklin App. No. 05AP-278, 2005-Ohio-6210, at ¶ 7, citing State v. Yuen, Franklin App. No. 01AP-1410, 2002-Ohio-5083 (stating that "at least in the context of an R.C. 2943.031 violation claim, this court has suggested that a defendant is *Page 14 
not required to appeal his conviction so as to preserve the issue raised" in the motion to withdraw); cf. State ex rel. White v.Suster, 101 Ohio St.3d 212, 2004-Ohio-719, at ¶ 7 (holding that an R.C.2943.031 [D] plea withdrawal "motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031 [A]"). Thus, we conclude that the trial court erred in applying res judicata as an alternative ground to denying appellant's R.C. 2943.031 contentions, and we sustain appellant's fifth assignment of error and the pertinent portion of appellant's sixth assignment of error.
 {¶ 27} We next address appellant's remaining assignments of error, which concern claims that appellant raised in his plea withdrawal motion pursuant to Crim.R. 32.1. Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v.Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus.
 {¶ 28} In his seventh assignment of error, appellant challenges the trial court's decision to reject appellant's argument in his plea withdrawal motion, through Crim.R. 32.1, that the trial court failed to comply with Crim.R. 11 when it accepted appellant's guilty pleas. Crim.R. 11 outlines the procedure that a trial court must follow when accepting guilty pleas. State v. Thompson (May 3, 2001), Franklin App. No. 00AP-608. A decision on appellant's Crim.R. 11 claims could have been made from the record *Page 15 
itself, and, therefore, appellant could have raised the issue on direct appeal. See, e.g., State v. Holcomb, Summit App. No. 21637,2003-Ohio-6322, at ¶ 7 (recognizing that a party could have raised a Crim.R. 11 violation on direct appeal because the error raised "would have been apparent on the face of the record"). Res judicata bars a party from raising an issue in a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea when the party raised or could have raised the issue on direct appeal. State v. Brown, 167 Ohio App.3d 239,2006-Ohio-3266, at ¶ 7.
 {¶ 29} Here, because appellant could have raised, but did not raise, the Crim.R. 11 claims on direct appeal, res judicata barred appellant from raising the claims in his Crim.R. 32.1 plea withdrawal motion.Brown at ¶ 7. Therefore, we need not address the merits of appellant's seventh assignment of error, and we overrule that assignment.
 {¶ 30} In his eighth assignment of error, appellant challenges the trial court's decision to deny his plea withdrawal motion upon rejecting his claim that he needed an interpreter at his plea hearing. In an affidavit attached to his plea withdrawal motion, appellant claimed that he "did not understand English as it is spoken in the American courts." In further support of his claim that he needed an interpreter at the plea hearing, appellant relied on the following exchange during his sentencing hearing, which took place immediately after the trial court accepted appellant's guilty pleas:
 THE COURT: * * * And how long has [appellant] been in this country * * * ?
 THE DEFENDANT: Almost six years.
(Vol. II Tr. at 236.) Appellant contends that such an exchange established that he did not sufficiently understand what was happening at his plea hearing because appellant had actually only been in the United States for a matter of months, not years. *Page 16 
 {¶ 31} The trial court rejected appellant's above-noted claim by concluding that the record indicated that there was no language barrier to preclude appellant from understanding what transpired during the plea hearing. In reviewing the trial court's decision here, we first note that, because appellant supported the above claim with evidence outside of the record, i.e., an affidavit, res judicata did not apply to bar the claim. See Brown at ¶ 12; State v. Robinson, Cuyahoga App. No. 85266,2005-Ohio-4154, at ¶ 12. Thus, we review the merits of appellant's claim.
 {¶ 32} R.C. 2311.14(A)(1) governs the appointment of courtroom interpreters and states that:
 Whenever because of a hearing, speech or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such a person. * * *
 {¶ 33} Here, although appellant claimed that he "did not understand English as it is spoken in the American courts," and although appellant misstated to the trial court at his sentencing that he had been in the United States for a number of years, rather than months, the record nonetheless supported the trial court's decision that there was no language barrier to preclude appellant from understanding what transpired during the plea hearing. Overall, appellant was able to communicate on his own during his plea and sentencing hearings. As an example, after appellant's counsel informed the trial court that appellant had previously lived in New Jersey, the trial court engaged in the following dialogue with appellant:
 THE COURT: Where were you in New Jersey?
 THE DEFENDANT: Jersey City.
 THE COURT: Were you employed there? *Page 17 
 THE DEFENDANT: Yeah, I was working.
 THE COURT: What brought you to Columbus? What caused you to come to Columbus? You were in New Jersey, what brought you to Columbus?
 THE DEFENDANT: I came to see one of my cousins which was here and friends of mine told me there was jobs here so I decided to stay here.
(Vol. II Tr. at 237-238.)
 {¶ 34} Likewise, after the trial court asked appellant if there was anything that he wanted to tell the victim, appellant stated: "Any pain I caused you, I am sorry." (Vol. II Tr. at 238.)
 {¶ 35} Moreover, appellant's own affidavit attached to his plea withdrawal motion established that appellant had a grasp of the English language sufficient enough to have understood what took place during his plea hearing. Specifically, appellant submitted his affidavit in English, and appellant made no mention that he created the affidavit with the help of an interpreter. In addition, the affidavit included legal terms such as "consequences of pleading guilty," "trial," "legal process," and "duly sworn and cautioned."
 {¶ 36} For these reasons, we conclude that the trial court did not abuse its discretion in denying appellant's plea withdrawal motion upon rejecting appellant's argument that he needed an interpreter at his plea hearing. As such, we overrule appellant's eighth assignment of error.
 {¶ 37} In his ninth assignment of error, appellant challenges the trial court's conclusion that appellant was not entitled to withdraw his guilty pleas even though the state failed to inform appellant of his rights under Article 36 of the Vienna Convention on *Page 18 
Consular Relations ("Article 36"). As noted in State v. Gegia,157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 23-24:
 The Vienna Convention is a 79-article treaty and Article 36(1), which is titled "Communication and contact with nationals of the sending State [,]" provides:
 "1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:
 "(a) consular officers shall be free to communicate with nationals of the sending State and to have access to them. Nationals of the sending State shall have the same freedom with respect to communication with and access to consular officers of the sending State;
 "(b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph;
 "(c) consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. They shall also have the right to visit any national of the sending State who is in prison, custody or detention in their district in pursuance of a judgment. Nevertheless, consular officers shall refrain from taking action on behalf of a national who is in prison, custody or detention if he expressly opposes such action." The Vienna Convention on Consular Relations, April 24, 1963, TIAS 6820, 21 U.S.T. 77, 596 U.N.T.S. 261.
Pursuant to Article 36, a government that arrests, imprisons, or detains a foreign national must inform him of his right to contact his consulate. See State v. Loza (Oct. 13, 1997), 12th Dist. No. CA 96-10-214 * * *. *Page 19 
 {¶ 38} In an affidavit attached to his plea withdrawal motion, appellant stated that he was not advised of his rights under Article 36 from the time he was arrested on the above-noted charges and up to the time he entered his guilty pleas. Because appellant supported his Article 36 claim with evidence outside of the record, the above-noted res judicata principles did not apply to the claim. See Brown at ¶ 12;Robinson at ¶ 12.
 {¶ 39} Nonetheless, the only remedies available under Article 36 are diplomatic, political, or [those that] exist between states under international law. Gegia at ¶ 24, citing State v. Lopez, Greene App. No. 99-CA-120, 2003-Ohio-3974, at ¶ 9, quoting State v. Rivera-Carrillo
(Mar. 11, 2002), Butler App. No. CA2001-03-054, 2002-Ohio-1013. Thus, we conclude that the trial court did not abuse its discretion in concluding that appellant was not entitled to withdraw his guilty pleas despite the state not advising appellant of his Article 36 rights. Accordingly, we overrule appellant's ninth assignment of error.
 {¶ 40} In his tenth assignment of error, appellant contends that the trial court abused its discretion by denying his plea withdrawal motion upon rejecting appellant's claim that he received ineffective assistance of counsel. The United States Supreme Court established a two-pronged test for ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668. First, the defendant must show that counsel's performance was outside the range of professionally competent assistance and, therefore, deficient. Id. at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense and deprived the defendant of a fair trial. Id. A defendant establishes prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Page 20 
A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 41} In his plea withdrawal motion, appellant contended that his counsel was ineffective for not objecting to the trial court's failure to follow Crim.R. 11 during appellant's plea hearing. However, a decision on such a claim could have been made from the record itself, and, therefore, appellant could have raised on direct appeal his claim that appellant's counsel was ineffective for not objecting to the trial court's failure to follow Crim.R. 11. Appellant did not raise the issue on direct appeal, and we conclude that res judicata barred appellant from raising the claim in his plea withdrawal motion. Brown at ¶ 7.
 {¶ 42} Next, appellant contended in his plea withdrawal motion that his counsel was ineffective for failing to obtain an interpreter for appellant during the plea hearing. As noted above, appellant's claim was not barred by res judicata because appellant supported the claim with evidence outside the record. See Brown at ¶ 12; Robinson at ¶ 12. Nonetheless, we reject appellant's contention that his counsel rendered ineffective assistance for failing to obtain an interpreter during appellant's plea hearing. As our prior discussion indicates, the record established that no language barrier precluded appellant from understanding what transpired during the plea hearing.
 {¶ 43} Appellant also asserted in his plea withdrawal motion that his counsel was ineffective when he failed to ensure that appellant understood the plea agreement. Initially, we note that res judicata does not bar such a claim because appellant supported the claim with evidence outside the record, e.g., an affidavit attached to his plea withdrawal motion, wherein appellant claimed that he "did not understand that [he] *Page 21 
would be sent to prison for such a long time." See Brown at ¶ 12;Robinson at ¶ 12. Nonetheless, the record does not support appellant's claim. In particular, appellant signed a guilty plea form acknowledging that he understood that the defense and appellee jointly recommended a sentence totaling 15 years imprisonment. Likewise, at the plea hearing, appellant verified to the trial court that he understood that the parties recommended a 15-year prison sentence as a part of the plea agreement. To the extent that appellant claims that a language barrier undermines such responses, we reject such a conclusion upon emphasizing that no language barrier appeared to have existed to prevent appellant from understanding what transpired at the plea hearing.
 {¶ 44} Appellant next asserted in his plea withdrawal motion that his counsel was ineffective for not securing appellant's Article 36 rights. Res judicata did not bar such a claim because appellant supported the claim with evidence outside the record, i.e., an affidavit in which appellant stated that he was not informed of his Article 36 rights. SeeBrown at ¶ 12; Robinson at ¶ 12. However, for the reasons outlined below, we reject such an ineffective assistance contention because appellant failed to establish any prejudice from his claim that his counsel failed to secure appellant's Article 36 rights. SeeStrickland at 687, 694.
 {¶ 45} In particular, we note that, in the affidavit attached to his plea withdrawal motion, appellant generally asserted that, had he known about his Article 36 rights before he pled guilty to the above charges, he would have contacted the Kenyan Consul and asked for help in getting an interpreter. Again, we note that the record did not establish the need for such an interpreter. *Page 22 
 {¶ 46} In addition, in his affidavit, appellant argued that, had he known about his Article 36 rights before he pled guilty to the above charges, he would have contacted the Kenyan Consul for assistance with the United States' legal system. However, appellant submitted no evidence establishing what a consular officer would have done in appellant's particular case, and appellant submitted no evidence establishing that a consular officer would not have had appellant enter his guilty pleas.
 {¶ 47} Lastly, appellant argued in his plea withdrawal motion that his counsel was ineffective for not objecting to the trial court's failure to follow R.C. 2943.031. The trial court rejected appellant's contention, concluding that "the record does not reflect that the Court failed to follow * * * § R.C. 2943.031." However, we held above that the trial court needed to hold a hearing to determine whether it substantially complied with R.C. 2943.031. By logical extension, a hearing was also needed to determine whether, at the plea hearing, appellant's counsel needed to raise objections under R.C. 2943.031. Accordingly, we conclude that the trial court abused its discretion in rejecting, without a hearing, appellant's ineffective assistance argument based on the R.C. 2943.031 claim.
 {¶ 48} For all of these reasons, we sustain in part and overrule in part appellant's tenth assignment of error. We next address appellant's sixth assignment of error, which concerns the trial court's decision to apply res judicata principles as an alternate means of rejecting all of the claims appellant made in his plea withdrawal motion.
 {¶ 49} We have already concluded above that the trial court erroneously applied res judicata to appellant's R.C. 2943.031 claims, and we have sustained, in part, appellant's sixth assignment of error in that regard. Conversely, we also concluded above that res judicata barred appellant's claims concerning: (1) the trial court's failure *Page 23 
to follow Crim.R. 11 at appellant's plea hearing; and (2) appellant's counsel's failure to object to the trial court not following Crim.R. 11 at the plea hearing. In this regard, we conclude that the trial court did not abuse its discretion in applying res judicata as an alternate means of rejecting the above-noted Crim.R. 11 related claims. Thus, we overrule, in part, appellant's sixth assignment of error. We also noted above that res judicata did not apply to the balance of appellant's claims in his plea withdrawal motion. However, we find that harmless error stemmed from the trial court applying res judicata as an alternative means to reject such claims, given that we have ultimately found no merit to the claims. See Crim.R. 52(A); see, also, State v.Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, at ¶ 7 (holding that error is harmless if it does not affect the outcome of a case). Thus, we overrule, in part, appellant's sixth assignment of error as it applies to such remaining claims.
 {¶ 50} Lastly, we address appellant's eleventh assignment of error, in which appellant asserts that the trial court erred by denying his plea withdrawal motion without a hearing. We have already concluded that the trial court needed to hold a hearing on appellant's claims related to R.C. 2943.031, and we sustained appellant's eleventh assignment of error, in part, in this regard. However, for the reasons noted below, we overrule appellant's eleventh assignment of error as to appellant's contention that the trial court erred by rejecting, without a hearing, those claims not related to R.C. 2943.031. As an example, we held that res judicata bars appellant's Crim.R. 11 claims, and, therefore, we conclude that the trial court was not required to hold an evidentiary hearing on such barred claims. State v. Vincent, Ross App. No. 03CA2713, 2003-Ohio-3998, at ¶ 12. In addition, we held that the record contradicts the balance of appellant's *Page 24 
claims, and, therefore, we conclude that the trial court was not required to hold an evidentiary hearing on such claims. See State v.Jacobson, Adams App. No. 01CA730, 2003-Ohio-1201, at ¶ 6, quotingState v. Moore, Pike App. No. 01CA674, 2002-Ohio-5748, at ¶ 18 (holding that an evidentiary hearing on a plea withdrawal motion is not required if the defendant's allegations are" `conclusively and irrefutably contradicted by the record'"). Accordingly, we sustain in part and overrule in part appellant's eleventh assignment of error.
 {¶ 51} In summary, we overrule appellant's first, seventh, eighth, and ninth assignments of error. We sustain in part and overrule in part appellant's sixth, tenth, and eleventh assignments of error. We sustain appellant's second, third, fourth, and fifth assignments of error. Accordingly, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and, for the reasons noted above, we remand this case to the trial court for a hearing on appellant's R.C.2943.031 claims.
Judgment affirmed in part, reversed in part, and cause remanded withinstructions.
[1] Also identified in the record as "Oluch."
BROWN, J., concurs. TYACK, J., concurs in part and dissents in part.