OPINION
{¶ 1} Defendant-appellant, Chan H. Ouch, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. Defendant assigns a single error:
 THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE "RAMIFICATIONS" OF WHICH TRIAL COUNSEL INFORMED THE DEFENDANT "INCLUDED THE POSSIBILITIES OF EXCLUSION FROM ADMISSION INTO THE UNITED STATES, AS WELL AS DENIAL OF *Page 2 
 NATURALIZATION AND DEPORTATION, AND THAT DEFENDANT UNDERSTOOD THIS" WHEN THE TESTIMONY OF TRIAL COUNSEL WAS THAT HE COULD NOT EXACTLY RECALL WHAT HE TOLD THE DEFENDANT. THE STATE FAILED TO ESTABLISH AT THE HEARING THAT THE TRIAL COURT COMPLIED WITH ITS OBLIGATION TO ADVISE THE DEFENDANT PURSUANT TO R.C. 2943.031 OR THAT THE DEFENDANT WAS NOT PREJUDICED BY THIS FAILURE.
Because the trial court substantially complied with R.C. 2943.031, we affirm.
 {¶ 2} By indictment filed March 29, 2002, defendant was charged with two counts of felonious assault in violation of R.C. 2903.11; each carried two firearm specifications. On October 24, 2002, defendant entered a guilty plea to both charges, without the firearm specifications, and stipulated he acted as a complicitor in the offenses. The trial court accepted defendant's guilty plea and sentenced defendant accordingly, journalizing the conviction in a judgment entry filed on November 8, 2002.
 {¶ 3} On August 15, 2005, defendant pro se filed a Crim. R. 32.1 motion to withdraw his guilty plea. Defendant initially asserted the trial court failed to comply with R.C. 2943.031, which requires a trial court to advise a non-citizen criminal defendant who enters a plea of guilty to a felony charge that the plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." Defendant further asserted his trial counsel was ineffective in failing to advise him of the consequences his guilty plea would have on his immigration status. Relying on R.C. 2943.031(D), defendant contended the trial court, on defendant's motion, was obligated to set aside its judgment and permit defendant, a non-citizen, to withdraw his guilty plea because his conviction resulted in efforts to deport him, exclude him from admission to the United States, or deny him naturalization. Although defendant requested an *Page 3 
evidentiary hearing, the trial court, without holding a hearing, issued a decision and entry on May 1, 2006, denying defendant's motion.
 {¶ 4} Defendant appealed. In resolving defendant's appeal, we noted the Ohio Supreme Court in State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, concluded that substantial compliance with R.C. 2943.031
was sufficient. We further determined the statutorily mandated information could be conveyed through counsel. According to the record of defendant's plea proceedings, the trial court did not directly inquire of defendant but instead asked counsel whether he advised defendant of the consequences of defendant's guilty plea per R.C. 2943.031. Because the record did not disclose the nature of counsel's discussions with defendant concerning the requirements of R.C. 2943.031, we remanded the case to the trial court for an evidentiary hearing to determine whether counsel's discussions with defendant brought the trial court's proceedings into substantial compliance with R.C. 2943.031.State v. Ouch, Franklin App. No. 06AP-488, 2006-Ohio-6949.
 {¶ 5} On remand, the trial court held a hearing on October 18, 2007. Defendant testified that, at the start of his trial, his counsel discussed with him a possible plea bargain, but did not mention the immigration consequences of a guilty plea. Defendant additionally testified, as the transcript of the plea proceedings reflected, that the trial court did not inquire of defendant pursuant to R.C. 2943.031 when it accepted his plea.
 {¶ 6} In contrast, defendant's former trial counsel testified that while he did not specifically remember talking with defendant about how a guilty plea might alter defendant's immigration status, he believed he informed defendant of "all the ramifications" of a guilty plea, including the possibility of deportation, exclusion from *Page 4 
admission, and denial of naturalization. (Oct. 18, 2007 Tr. 46.) Counsel came to that conclusion because his normal practice in dealing with the issue was to so advise. To further support his testimony, counsel noted his comment to the trial court during the October 24, 2002 plea hearing when the trial court asked counsel if defendant understood that a guilty plea "may jeopardize his status in this country." (Oct. 24, 2002 Tr. 12.) Counsel's response that he informed defendant of "all of those ramifications" caused counsel, at the time of the remand hearing, to believe he warned defendant about possible deportation, exclusion from admission to the United States, and naturalization issues before defendant agreed to the plea bargain. Id.
 {¶ 7} In resolving the disparate testimony given at the remand hearing, the trial court found defendant's testimony not credible because it was not consistent. In describing defendant's discussions with his counsel at the time of the plea proceedings, defendant initially denied learning anything from counsel about the impact of a guilty plea on his immigration status. He then testified he did not remember if counsel discussed immigration consequences with him. He finally admitted counsel told him deportation was possible. When asked if deportation meant "you go back to Cambodia and not [sic] allowed back in," defendant answered affirmatively. (Oct. 18, 2007 Tr. 36.)
 {¶ 8} Based on the testimony presented at the October 18, 2007 hearing, the trial court found substantial compliance with R.C. 2943.031, as the record was now "clear" that in telling defendant about the ramifications of a guilty plea, counsel informed defendant of the possibilities of exclusion from the United States, denial of naturalization, and deportation, and defendant understood these possibilities. Coupling counsel's testimony with defendant's three-year delay in filing his motion, the trial court concluded *Page 5 
defendant's motion to withdraw his guilty plea lacked merit, and the court denied it. In his single assignment of error, defendant contends the trial court wrongly concluded defendant was properly made aware of the possible ramifications of his guilty plea on his immigration status.
 {¶ 9} Francis, supra, held that "if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." Id. at ¶ 48. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)." Id. at ¶ 36. The term "abuse of discretion" connotes a judgment that is rendered with an unreasonable, arbitrary, or unconscionable attitude. Johnson v. Cassens TransportCo., 158 Ohio App.3d 193, 2004-Ohio-4011, at ¶ 18, citing Cedar BayConstr, Inc. v. Fremont (1990), 50 Ohio St.3d 19, 22.
 {¶ 10} Substantial compliance with R.C. 2943.031(A) requires a defendant to be informed of the possibility not only of deportation, but also of exclusion from admission into the United States and denial of naturalization pursuant to the laws of the United States. Ouch, supra, at ¶ 28, citing State v. Batista, Franklin App. No. 03AP-1009, 2004-Ohio-5066, at ¶ 9. Substantial compliance means that "under the totality of the *Page 6 
circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made." Francis, supra, at ¶ 48, citingState v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 11} In denying defendant's motion, the trial court concluded defendant's counsel informed defendant of the full consequences of his guilty plea and defendant understood those consequences. The record supports the trial court's conclusion. Defendant's counsel testified that although he did not remember the exact conversation from five years earlier, he was "quite certain I would have told him that he would be deported, that there was [a] very good chance that he would be deported. And that he would be denied naturalization, and that he probably would never be allowed back into the country. He would be denied readmission into the country." (Oct. 18, 2007 Tr. 46.) Counsel stated that had he forgotten to inform defendant of such possible repercussions, he would have asked for a moment to do so when the trial court inquired of him concerning his discussions with defendant on the subject.
 {¶ 12} While defendant denied being provided the information subject of R.C. 2943.031, the trial court found defendant's testimony lacked credibility. Indeed, the reason for defendant's motion appears to be his desire not to be deported: he testified at the remand hearing that he did not "want to get deported, all my kids are here. * * * That was just the only reason." (Oct. 18, 2007 Tr. 35.) Defendant, however, admitted at the remand hearing that counsel advised him of the possibility of deportation. Moreover, counsel's testimony, if believed, established that more than just the risk of deportation was discussed, demonstrating defendant also was properly made aware of the effects of a guilty plea on his naturalization efforts and his ability to re-enter the country if deported. *Page 7 
 {¶ 13} The record also fails to support defendant's contention that he did not understand the information imparted to him and thus could not appreciate the implications of his plea. Defendant conceded he has no problem understanding English, although legal terms pose difficulties. Significantly, at no point in the proceedings did defendant, who has lived in the United States since arriving as a child in 1985, request language assistance. In light of his familiarity with English and the direct nature of the information counsel conveyed regarding the immigration consequences of a guilty plea, defendant failed to demonstrate he lacked the ability to understand the information counsel provided. Accordingly, the trial court did not abuse its discretion in finding substantial compliance with R.C. 2943.031(A).
 {¶ 14} Defendant, however, contends the trial court wrongly admitted counsel's testimony, as counsel lacked personal knowledge of what he told defendant regarding the effects of defendant's guilty plea on his immigration status: counsel testified he did not specifically remember discussing such matters with defendant. Defendant asserts counsel's failure to recall the conversation renders counsel's testimony inadmissible under Evid. R. 602 for lack of personal knowledge. In addition, defendant maintains counsel's testimony was not admissible as past recollection recorded under Evid. R. 803(5), as nothing in the record suggests counsel had an independent recollection of what he told defendant, and no admissible document of past recollection was presented.
 {¶ 15} A trial court enjoys broad discretion in the admission and exclusion of evidence. Johnson, supra, at ¶ 8, citing State v.Hymore (1967), 9 Ohio St.2d 122, 128. Our review therefore is limited to determining whether the trial court abused its discretion. Id., citingRigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. *Page 8 
 {¶ 16} Initially, at the evidentiary hearing on defendant's motion to withdraw his guilty plea, defendant failed to object to counsel's testimony, thus waiving all but plain error. Crim. R. 52(B). Evid. R. 602 bars testimony from a witness who lacks personal knowledge of the facts to which the witness testifies. Counsel, however, possessed personal knowledge of the facts he testified to, as he recalled representing defendant. While he did not clearly remember a specific conversation during which he made defendant aware of possible repercussions of a guilty plea, counsel's failure to recall specifically impacted the credibility of his testimony, not its admissibility. See State v.Bidinost (1994), 71 Ohio St.3d 449, 457; Riley v. Northeast FamilyHealth Care (Apr. 9, 1997), Summit App. No. 17814 (holding physician's failure to remember consultation with another doctor "does not affect the admissibility of the evidence, only its weight" because "it is for the trier of fact to determine credibility of witnesses and the weight to be given their testimony").
 {¶ 17} In response to defendant's argument, the state relies on Evid. R. 701 to allow counsel to draw inferences about his communications with defendant pertaining to the immigration consequences of a guilty plea. Whether or not counsel's testimony is admissible under Evid. R. 701, it is admissible as evidence of habit pursuant to Evid. R. 406.
 {¶ 18} Evid. R. 406 states that "[e]vidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Courts frequently have concluded "routine practices undertaken by one in the context of medical or *Page 9 
business situations are precisely the sorts of scenarios for which the foregoing rule of evidence was intended." Burns v. Lemer (2000),139 Ohio App.3d 664, 673. In particular, the rule has been applied "to establish that the witness's routine practice was adhered to in the situation before the court as to which the witness has no particular recollection." Id. at 671. To lay the proper foundation for the admission of habit testimony, the proponent of the evidence must show routine exists and the stimulus for the habitual response occurred on the particular occasion. Id. at 672, citing Brokamp v. Mercy Hosp.Anderson (1999), 132 Ohio App.3d 850, 865.
 {¶ 19} Here, the proper foundation was established when counsel testified "many" of his previous clients were non-citizen criminal defendants with whom counsel had discussed the implications of a guilty plea upon immigration status. (Oct. 18, 2007 Tr. 47.) While not recalling a specific conversation with defendant, counsel demonstrated his awareness of the issues surrounding the immigration status of a non-citizen defendant who pleads guilty; he also noted that the court's inquiry into this issue would have sparked a discussion with defendant had counsel previously failed to explain its importance. With the proper foundation, Evid. R. 406 permitted counsel to testify to what, based on his normal practice with non-citizen criminal clients, he told defendant about the effects of a guilty plea on his immigration status, even though counsel could not recall having the specific conversation with defendant. See Brokamp, supra (holding that the habit testimony of a nurse possessing no recollection of the events in question was permitted under Evid. R. 406 after the proper foundation was laid). While the record indicates counsel so testified before the appropriate foundation was elicited from him, the *Page 10 
incorrect progression of testimony does not rise to the level of plain error, especially when an objection would have avoided the issue.
 {¶ 20} Because counsel's testimony was properly admitted pursuant to Evid. R. 406, defendant's contention that it was not admissible under other evidentiary rules is rendered moot. Accordingly, the trial court did not abuse its discretion in permitting counsel to testify. As the trial court's decision did not rest upon improperly admitted evidence, and the trial court did not abuse its discretion in finding substantial compliance with R.C. 2943.031(A), defendant's assignment of error is overruled.
 {¶ 21} Having overruled defendant's single assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
 FRENCH and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1